CHARLES DERANCO *v.* W. and J. MONTGOMERY, Executors.

Under the Code of 1808 the office of testamentary executor expired at the end of the year, unless it was
  otherwise expressed in the will, or the term of office was prolonged by the Judge.
The action to compel the executor to render his account is prescribed in ten years from the expiration
  of his office.
The prescription against such an action by a legatee under the will, is not suspended because the legacy
  was a conditional one, depending upon the liquidation of the estate, to ascertain its amount.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
  *H. R. Grandmont,* for plaintiff and appellant.  *P. E. Bonford,* for defendants.

MERRICK, C. J.  The present proceeding is a rule taken against two of the
executors of *Frederick W. Am. Ende,* who died in June, 1819.  The will under
which they were appointed was admitted to probate in July, 1819, and the rule
was commenced in December, 1857, more than thirty-eight years afterwards.

The testator left (besides his widow) a surviving partner, who seems to have
managed the partnership effects after his decease.  The executors were not con-
tinued in office after the expiration of the year, by the will.  Now, although it is
by no means proven that the executors, who had not even the seizin of the estate,
took possession of the same, and ousted the widow and partner and heir of pos-
session, we will adopt the statement of the case made by plaintiff's counsel, for the
purpose of this decision, without inquiring further into its accuracy.  It is as
follows :

" *Frederick W. Am. Ende,* formerly a merchant of New Orleans, died in 1819,
leaving the following olographic last will :

" I request *Messrs. R. L. Rochelle & Shiff* and *Messrs. William* and *J. Mont-
gomery,* jointly and separately, to be my executors, and I appoint them as such.

" My only brother, *Christian Theobald Am. Ende,* is my heir *in totum,* having
no other nearer relations.

" To *Mr. John C. Lang,* of Philadelphia, I bequeath the sum of one thousand
dollars, and to *Mr. Charles Deranco,* the sum of six hundred dollars ; *these amounts
to be paid out of my property, provided it exceeds the sum of eight thousand dol-
lars.*

" The will was probated in the then Court of Probates of New Orleans, and the
four executors immediately entered upon the administration of the succession.
They took possession of a large amount of assets, appraised in the inventory taken
by order of said court, at the sum of $59,756 90, but never accounted for the
same, either to the Probate Judge, or to the instituted heir of the testator.
The only vouchers of payments made by them, as shown by the record, are, 1st,
a receipt of the widow of the deceased, for the sum of $900, on account of her
claim under a marriage contract ; and 2d, another receipt for notary's fees.  The
will itself, for want of execution, has remained a dead letter up to the present
time.

" Two of said executors have, since, departed this life.

" The present controversy is between *Charles Deranco,* one of the above legatees,
and the two surviving executors, *Messrs. Wm.* and *J. Montgomery,* and has been

commenced by a rule taken by said *Deranco* upon them, to show cause why they should not file an account of their administration with all the proper vouchers relative thereto, and the book of accounts which they were bound by law to keep in their said capacity."

The object of the plaintiff in demanding an account, is to ascertain the balance which was in the hands of said executors at the end of their seizin and administration, and to know whether his right to the conditional legacy made to him by the testator has accrued, and against whom it must be exercised.

The defendants have excepted : 1st, that they have been *functi officio* more than thirty years, having been appointed and qualified on the 8th day of July, 1819, and their office having expired in one year thereafter, and they plead the prescriptions of ten, twenty and thirty years, and 2d, that said *Deranco* has no interest in the succession, because, any claim he might have as a particular legatee to demand payment, or an account, has been extinguished by the prescriptions of five, ten, twenty and thirty years, which they specially plead.

On the trial of the rule on the exceptions thereto, the rule was discharged, and the plaintiff therein appeals.

As the law stood at the time the will was admitted to probate, the office of the testamentary executor expired at the end of the year, except it was otherwise expressed in the will, or the term of office was prolonged by the Judge. Code of 1808, p. 244, Art. 166, p. 246, Arts. 169, 173 ; 4 Martin, 340 ; 5 M. 202 ; 7 N. S. 619 ; 12 L. R. 131.

This being the case, the executor could not, after the expiration of the year, be said to be any longer in court. And, being but a mandatary, nothing remained for him to do but render his account. Code of 1808, p. 246, Art. 173 ; ibid p. 239, Art. 140, p. 240, Arts. 142, 143 ; C. C. 1622, 1623, 1626.

" L'exécuteur testamentaire est un mandataire imposé par le testateur à ses héritiers ou légataires universels, dans le but d'obtenir une plus sûre, plus exacte et plus diligente exécution de ses dernières volontés." Zacharie, seconde partie, livre second, ? 715 ; 4 An. 570.

Then, an action must exist to compel the mandatary of the legatees to render an account. Such action was not excepted from prescription by the Old Code, and is not excepted by the New Code of 1808, p. 486, Art. 65 ; C. C. 3508. This case then falls within the rule established in the case of *Wilson* v. *McGreal*, 12 An. 357, unless the prescription in this case has been interrupted or suspended.

It is contended that it is suspended, because the legacy to the plaintiff was a conditional legacy, which depends upon the liquidation of his estate, and, necessarily, the rendition of an account by the executors, and as long as an account shall not be rendered, that the legacy will continue to be an inchoate and imperfect right, not subject to prescription.

If, again, it be conceded that the legacy depended upon the settlement of the succession, in order to ascertain whether the condition upon which the legacy was to take effect had happened or not, still we think it will not benefit the plaintiff's case, for this would not be a just cause, for supposing the continuance of the functions of the executor and prolongation of his office, but a reason rather why he should have rendered his account within the year. For it must be borne in mind, that the executor to whom the seizin hath not been granted by the will is not the debtor of the legacy. Code of 1808, p. 238 ; Art. 140, p. 240 ; Arts. 142, 148 ; C. C. 1623. His duty is to render an account.

The action to compel the executor to render his account having been neither

interrupted nor suspended, is not affected by the supposed condition upon the happening of which the legacy was to become exigible.

After the lapse of this long period of time without complaint on the part of the widow, the heir or legatees, it is with great propriety that the statutes of prescription should be applied. It is in cases of this kind that these statutes of repose have earned the title, *patrona generis humani*.

Judgment affirmed.